IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

APR 2 6 2004

CLERK

ERNIE FERNANDEZ,

    Plaintiff,

v.

No. CIV-04-0009 MV/WDS

CORNELL CORRECTIONS
AND MEDICAL DEPT, et al,
NAMES UNKNOWN
JAIL ADMINISTRATOR AND SHIFT
SUPERVISOR ON DATE OF INCIDENT,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* under 28 U.S.C. § 1915(e)(2), Fed.R.Civ.P. 12(b)(6), and 42 U.S.C. § 1997e(a), to review Plaintiff's civil rights complaint. Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, Plaintiff's complaint will be dismissed without prejudice.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). Furthermore, according to the provisions of 42 U.S.C. § 1997e(a), "No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards

applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff alleges that Defendants denied him necessary medical treatment and failed to protect him from an known violent inmate. He claims Defendants' conduct violated the Eighth Amendment. The complaint seeks damages.

In his complaint, Plaintiff states that he did not exhaust available administrative remedies before filing his complaint. As noted above, "No action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." § 1997e(a). Recent Supreme Court decisions confirm that administrative remedies must be exhausted in all prisoner cases. *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "The Supreme Court has declined to read 'futility or other exceptions' into the PLRA's exhaustion requirement. 'Congress ha[s] eliminated both discretion to dispense with administrative exhaustion and the condition that it be "plain, speedy, and effective."' Moreover, Plaintiff 'may not successfully argue that he had exhausted his administrative remedies by, in essence, failing to employ them . . . .'" *Hamby v. Jordan*, No. 02-6253, 2003 WL 294425, at **1 (10th Cir. Feb. 7, 2003) (internal citations omitted); *see also Schelin v. Haun*, No. 03-4225, 2004 WL 363481, at *3 (10th Cir. Feb. 27, 2004) (plaintiff must take "diligent steps to actively exhaust or pursue his administrative rights."). Because Plaintiff has not satisfied a mandatory precondition to pursuing this action, his complaint will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED without prejudice; and, pursuant to Fed.R.Civ.P. 58(a)(2)(A)(iii), judgment will be entered in accordance with this opinion.

UNITED STATES DISTRICT JUDGE

2